[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Wallace Widholm, appeals pursuant to 4-183
CT Page 2633 of the General Statutes the decision of the defendant, Commissioner of Motor Vehicles (the Commissioner), to suspend plaintiff's driver's license pursuant to 14-2276 of the General Statutes.
Although the plaintiff asserts several different bases for his appeal in his petition/complaint, he has briefed only the issue of the hearing officer's finding of probable cause. At oral argument on the appeal, furthermore, plaintiff's counsel limited the appeal to that issue.
The plaintiff's essential contention is that his version of the events which immediately preceded his arrest differs completely from that of the police. At the administrative hearing, the plaintiff, his girlfriend and another friend all testified and denied the statements made by the police in support of their decision to arrest him. The police did not testify, but the A44 report of the arresting officer was admitted in evidence without objection.
The police report states that the plaintiff made an improper left turn in front of the unmarked police vehicle, cutting it off. The police followed the plaintiff, approached him when he stopped at a gas station, and smelled alcohol on his breath and observed a cup of beer on his lap. The plaintiff failed the field sobriety test and became violently combative. The statements contained in the police report, if believed, afford probable cause for arresting the plaintiff on the charge of driving under the influence, in violation of General Statutes 14-227a.
The fatal flaw in the plaintiff's argument that this court should reverse the Commissioner's decision is that "a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness . . . ." Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 593 (1991). It appears that plaintiff's evidence was not found credible by the hearing officer. (See Record #2, Transcript; ROR, #4, Notice of Decision). This court may not try the case de novo, adjudicate facts, or substitute its own discretion for that of the agency. Miko v. CHRO, 220 Conn. 192,201 (1991). There being no other basis for this appeal, the Commissioner's decision must stand. CT Page 2634
The appeal is dismissed.
MALONEY, JUDGE